# United States Court of Appeals for the Federal Circuit

05-3122

LEON THOMPSON, JR.,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Leon Thompson, Jr., of Inglewood, California, pro se.

Sara B. Rearden, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were Martha B. Schneider, General Counsel and Rosa M. Koppel, Deputy General Counsel.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

05-3122

LEON THOMPSON, JR.,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  August 25, 2005

_____


Before MICHEL, Chief Judge, SCHALL and LINN, Circuit Judges.

LINN, Circuit Judge.

Leon Thompson, Jr. ("Thompson") seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal for lack of jurisdiction.  See Thompson v. Dep't of Homeland Sec., No. SF-3443-05-0034-I-1 (M.S.P.B. Mar. 3, 2005) ("Final Decision").  Because the Board correctly concluded that Thompson was neither an "employee" nor an "applicant for employment" under 5 U.S.C. § 7701, we affirm the Board's dismissal of his appeal for lack of jurisdiction.

BACKGROUND

Thompson was employed as a senior network administrator by Apogen Technologies/ITS Services ("Apogen"), which in turn contracted with the Department of Homeland Security, Customs and Border Protection ("Department of Homeland Security") to provide services at the Los Angeles International Airport. Pursuant to the contract between Apogen and the Department of Homeland Security, Thompson's employment with Apogen was subject to his ability to secure a government security clearance following a background investigation. In September 2004, based on Thompson's background investigation, the agency found him unsuitable for employment as a contractor on the Customs and Border Patrol project, and conveyed that finding to his private-sector employer, Apogen. Subsequently, Apogen decided to terminate his employment.

Thompson filed an appeal with the Board. The administrative judge dismissed his appeal, concluding that he was neither an employee nor an applicant for employment with the federal government. See Thompson v. Dep't of Homeland Sec., No. SF-3443-05-0034-I-1 (M.S.P.B. Dec. 10, 2004) ("Initial Decision"). Thompson filed a petition for review of the Initial Decision. After concluding that there was no new, previously unavailable evidence and that the administrative judge made no error in law or regulation that affected the outcome, the Board denied the petition for failure to meet the criteria for review set forth in 5 C.F.R. § 1201.115(d). Final Decision at 1.

Thompson timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

A.  Standard of Review

Pursuant to 5 U.S.C. § 7703(c), this court must affirm the Board's decision unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence.  Chase-Baker v. Dep't of Justice, 198 F.3d 843, 845 (Fed. Cir. 1999).  Whether the Board has jurisdiction over an appeal is a question of law, which we review de novo.  Hayes v. United States Postal Serv., 390 F.3d 1373, 1376 (Fed. Cir. 2004).

B.  Analysis

The burden of establishing jurisdiction is placed by regulation on the appellant. 5 C.F.R. § 1201.56(a)(2)(i) (2003); McCormick v. Dep't of the Air Force, 307 F.3d 1339, 1340 (Fed. Cir. 2002).  The Board's jurisdiction is strictly limited to that provided by statute, rule, or regulation.  5 U.S.C. § 7701(a) (2000); Forest v. Merit Sys. Prot. Bd., 47 F.3d 409, 410 (Fed. Cir. 1995).  Under section 7701(a) only "An employee, or applicant for employment, may submit an appeal to the Merit Systems Protection Board from any action which is appealable to the Board under any law, rule, or regulation."  5 U.S.C. § 7701(a) (emphasis added).

Thompson concedes that, as an employee of an independent government contractor, he does not meet the statutory definition of  "employee"[1] as set forth in

_____

[1]     Section 7511(a)(1) defines an employee, in relevant part, as: (1) an individual in the competitive service who has fulfilled the requisite length of service; (2) a preference eligible individual in the excepted service who has completed one year of current continuous service in the same or similar position in an Executive agency, the

5 U.S.C. § 7511(a)(1). On appeal, Thompson argues that he has a right to appeal to the Board as an "applicant for employment" within the meaning of section 7701(a). Specifically, Thompson contends that by virtue of completing one of the requisite forms for obtaining the security clearance, namely, the Declaration for Federal Employment ("Declaration") form, he should be afforded the status of an "applicant for employment" for purposes of appeal. The government responds that Thompson was at all times a contract employee, cannot be considered an applicant for federal employment, and has no right of appeal to the Board.

Thus, the question presented is whether a contract employee, seeking government security clearance, is an "applicant for employment" within the meaning of 5 U.S.C. § 7701(a) and is, therefore, entitled to appeal rights before the Board.

"Statutory analysis requires first that we look to the express language of the statute to determine its meaning." Reid v. Dep't of Commerce, 793 F.2d 277, 281 (Fed. Cir. 1986) (citing United States v. Turkette, 452 U.S. 576 (1981)). Section 7701(a) provides a right of appeal to the Board to an "employee or applicant for employment." The context of the statute unambiguously relates the expression "applicant for employment" to the immediately preceding term "employee." The term "employee," in turn, is specifically defined in section 7511(a)(1) to relate only to various categories of federal employees. Because the statute makes explicit that only federal employees, and not contractors or employees of contractors, have appeal rights to the Board, and

United States Postal Service, or the Postal Rate Commission; and (3) a nonpreference individual in the excepted service who has completed two years of current continuous service in the same or similar positions in an Executive agency under other than a

because the expression "applicant for employment" is unambiguously related to the term "employee" by the plain language used, section 7701(a) cannot be interpreted to give an individual applying for a position other than that of a federal employee, as specifically enumerated in section 7511(a)(1), a right of appeal to the Board. To do otherwise, would open the door to the Board to applicants for positions held by employees who have no right of appeal to the Board.

The legislative history of section 7701 is consistent with the conclusion that naturally follows from the words used in the statute. Congress, in Pub. L. No. 89-554, § 7701, 80 Stat. 530 (1966), promulgated 5 U.S.C. § 7701, titled "Appeals of preference eligibles," and granted limited appeal rights to a "preference eligible employee defined by section 7511." The Civil Service Reform Act of 1978, Pub. L. No. 95-454, Title II, § 205, 92 Stat. 1138, amended section 7701 to its present form. Though nothing in the legislative history specifically defines "an applicant for employment," the House Conference Report states that it was Congress' "intent that full effect should be given to the laws applicable to federal employees generally and also to those dealing specifically with the foreign service." H.R. Conf. Rep. 95-1717, at 128 (1978) reprinted in 1978 U.S.C.C.A.N. 2860, 2862.

Accordingly, we hold that the right of appeal to the Board granted to an "applicant for employment" in section 7701(a) is limited to individuals seeking employment as federal "employees," as defined in section 7511(a)(1).

---

temporary appointment limited to two years or less. 5 U.S.C. § 7511(a)(1)(A)-(C) (2000).

Here, Thompson sought a government security clearance that would have allowed him to fulfill his duties as an employee of Apogen by working on a government project. For that clearance, Thompson filled out a form "for Federal and Federal contract employment." There are two distinct categories mentioned: (1) federal employment; and (2) federal contract employment. Thus, to the extent that individuals filling out these forms are to be considered as "applicants," they may be either applicants for federal employment or applicants for federal contract employment. Only individuals in the former category may appeal to the Board under 5 U.S.C. § 7701(a). Thompson does not dispute that he was not an applicant for federal employment. Even if Thompson had been successful in obtaining the security clearance, he would have remained an employee of Apogen and would not have met the statutory definition of "employee" in section 7511(a)(1). At best, Thompson could be considered an applicant for federal contract employment, which does not give him a right of appeal to the Board under section 7701(a).

Because the Board did not err in concluding that Thompson's position does not meet the definition of "applicant for employment," we affirm the Board's dismissal of Thompson's appeal for lack of jurisdiction.

<u>AFFIRMED</u>