UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

CHRISTOPHER J. PERILLO,
                Appellant,

        v.

UNITED STATES POSTAL SERVICE,
                Agency.

DOCKET NUMBER
PH-0752-14-0084-I-1

DATE: September 15, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Robert J. Hagerty, Esquire, Moorestown, New Jersey, for the appellant.

Deborah L. Lisy, Esquire, Chicago, Illinois, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The U.S. Postal Service (the agency) appointed the appellant as an Attorney, effective March 23, 2013. Initial Appeal File (IAF), Tab 7 at 32. Less than 6 months later, on September 12, 2013, the agency terminated his employment. *Id*. at 41, 43. The appellant appealed his termination to the Board. IAF, Tab 1.

¶3 The administrative judge issued an acknowledgment order, directing the appellant to meet his burden of proving that the Board had jurisdiction over his appeal. IAF, Tab 2 at 2. The order indicated that to establish jurisdiction the appellant must show that he: (1) was a preference-eligible employee, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity; and (2) had completed 1 year of current, continuous service in the same or a similar position. *Id*. (citing 39 U.S.C. § 1005(a) and 5 U.S.C. § 2108).

¶4 The appellant responded to the administrative judge's order. IAF, Tab 5. He alleged that the Board had jurisdiction over the appeal because he was a permanent career employee or a permanent excepted service employee. *Id*. at 6-9. The appellant cited his prior service for the Department of Veterans Affairs from

1991 to 2001. *Id*. at 4, 6, 9. He also presented arguments that he completed his probationary period and was denied due process. *Id*. at 9-12. The agency replied, moving to dismiss the appeal for lack of jurisdiction. IAF, Tab 7 at 5.

¶5 The administrative judge issued another order. IAF, Tab 8. He warned the appellant that it appeared as if he had not established Board jurisdiction, and directed him to show why the appeal should not be dismissed. *Id*. at 1-2. The appellant responded with several arguments, including the assertions that he had completed 1 year of current, continuous service and his termination was the result of marital status discrimination. IAF, Tab 9 at 4-10.

¶6 The administrative judge ordered further development of the appellant's argument that he had completed 1 year of service prior to removal. IAF, Tab 10 at 2. The agency responded with argument and evidence that the appellant had provided contract mediation services on a sporadic basis prior to his nearly 6 months as an agency Attorney, but that this did not count towards the requisite 1 year of current, continuous service in the same or similar position. IAF, Tab 11 at 6-11. The appellant replied, reasserting his allegation of marital status discrimination. IAF, Tab 12 at 6-8.

¶7 Without holding a hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 13, Initial Decision (ID). The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 5.

¶8 The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). It is the appellant's burden to prove, by preponderant evidence, that his appeal is within the Board's jurisdiction. 5 C.F.R. § 1201.56(a)(2)(i). If an appellant makes a nonfrivolous allegation that the Board has jurisdiction over his appeal, he is entitled to a hearing on the jurisdictional issue. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994). Nonfrivolous allegations of Board jurisdiction are allegations of

fact which, if proven, could establish a prima facie case that the Board has jurisdiction over the matter in issue. *Id*.

<u>The appellant's removal appeal does not fall within the Board's jurisdiction under chapter 75 of Title 5 because he did not complete 1 year of current, continuous service in the same or similar position.</u>

¶9 In his petition for review, the appellant again argues that he completed 1 year of current, continuous service in the same or similar position prior to his removal. PFR File, Tab 1 at 8-9. Accordingly, he alleges that the administrative judge erred in finding that the Board lacked jurisdiction over his appeal under chapter 75 of Title 5. *Id*. We disagree.

¶10 A U.S. Postal Service employee may file a Board appeal under chapter 75 only if he is covered by 39 U.S.C. § 1005(a) or 5 U.S.C. § 7511(a)(1)(B). 5 U.S.C. § 7511(b)(8); *Toomey v. U.S. Postal Service*, 71 M.S.P.R. 10, 12 (1996). Thus, to appeal an adverse action under chapter 75, a U.S. Postal Service employee (1) must be a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity[2]; and (2) must have completed 1 year of current, continuous service in the same or similar positions. *Toomey*, 71 M.S.P.R. at 12.

¶11 The appellant argues that he completed 1 year of current, continuous service in the same or similar position when his nearly 6 months as an agency Attorney is combined with his prior mediation services for the agency's "REDRESS" program. PFR File, Tab 1 at 8-9. This argument fails. Although the appellant provided services for the agency before accepting the agency's Attorney position, he was not a federal employee. IAF, Tab 11 at 20, 26, 32 (agreements between

---

[2] The appellant alleged that he "indisputably meets" this element. PFR File, Tab 1 at 8; *see* IAF, Tab 9 at 4 (appellant alleges that he was a "management employee engaged in personnel work"). However, the administrative judge dismissed the appeal based on the second jurisdictional element, without reaching a conclusion as to the first. ID at 3-5. Because we find no error in the administrative judge's dismissal based on the second jurisdictional element, we also reach no conclusion as to the first.

the appellant and agency for the appellant to provide mediation services, as needed), 36-76 (payments per mediation from the agency to the appellant); *see* 39 U.S.C. § 1005(a)(4)(A)(ii) (defining those nonpreference-eligible postal employees covered by chapter 75 of Title 5); *Thompson v. Merit Systems Protection Board*, 421 F.3d 1336, 1338 (Fed. Cir. 2005) ("[O]nly federal employees, and not contractors or employees of contractors, have appeal rights to the Board . . . ."); 5 C.F.R. § 752.402 (defining current, continuous employment as "a period of employment or service immediately preceding an adverse action without a break in Federal civilian employment of a workday").

¶12    In addition, the mediation services the appellant provided prior to his appointment as an agency Attorney were neither current, nor continuous. *Compare* IAF, Tab 11 at 34-35 (the agency utilized the appellant's mediation services on 44 calendar days over the course of 5 years, with the last being February 5, 2013), *with* IAF, Tab 7 at 32 (reflecting March 23, 2013, as the effective date of the appellant's appointment as an agency Attorney); *see Spillers v. U.S. Postal Service*, 65 M.S.P.R. 22, 25-26 (1994) (current, continuous service means without a break of a workday). Furthermore, his contracted mediation services were not the same or similar to his Attorney position. *Compare* IAF, Tab 11 at 14-15 (the agency description of its contracted mediators and their minimum qualifications), *with id.* at 78-79 (position description and minimum qualifications of the appellant's Attorney position with the agency); *see Spillers*, 65 M.S.P.R. at 26 (two positions are the "same or similar" if they require the same qualifications, they would have been in the same competitive level for reduction in force purposes, or they would allow an employee to interchange between the positions without significant training and without unduly interrupting the work program); 5 C.F.R. § 752.402 (defining similar positions as "positions in which the duties performed are similar in nature and character and require substantially the same or similar qualifications, so that the incumbent could be

interchanged between the positions without significant training or undue interruption to the work").

¶13 Because the appellant failed to nonfrivolously allege that he had 1 year of current, continuous service in the same or similar position, the Board lacks jurisdiction over his termination under chapter 75.

The appellant's termination appeal does not fall within the Board's jurisdiction under 5 C.F.R. § 315.806(b) because he was not a competitive service employee.

¶14 The appellant alleges that the administrative judge erred in finding that his claim of marital status discrimination did not bring his appeal within the Board's jurisdiction. PFR File, Tab 1 at 11-13. We disagree.

¶15 Pursuant to 5 C.F.R. § 315.806(b), the Board has jurisdiction over the termination of some probationary employees where the termination is based on marital status discrimination. However, that right applies only to individuals in the competitive service. *Ramirez-Evans v. Department of Veterans Affairs*, 113 M.S.P.R. 297, ¶ 10 (2010). U.S. Postal Service employees have not been part of the competitive service since the enactment of the Postal Reorganization Act of 1970. *Daisy v. U.S. Postal Service*, 68 M.S.P.R. 15, 19 (1995). Therefore, employees of the U.S. Postal Service, like the appellant, cannot establish Board jurisdiction under 5 C.F.R. § 315.806(b). *Herbert v. U.S. Postal Service*, 86 M.S.P.R. 80, ¶ 12 (2000).

The administrative judge properly notified the appellant of how to establish Board jurisdiction.

¶16 The appellant alleges that the administrative judge failed to provide him with proper *Burgess* notice. PFR File, Tab 1 at 13 (citing *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985)). We disagree.

¶17 An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess,* 758 F.2d at 643-44. Here, the administrative judge first issued an acknowledgment order explaining how the appellant, as a U.S. Postal Service employee, could establish Board jurisdiction

over his termination. IAF, Tab 2 at 2. He then reiterated how to establish Board jurisdiction in two follow-up orders after the appellant responded. *See* IAF, Tab 8 at 1-2, Tab 10 at 1-2. Although the appellant's petition alleges that the administrative judge failed to tell him how he "could ever meet any jurisdictional threshold," PFR File, Tab 1 at 13, each of the three orders did just that. They explained that the Board had jurisdiction over his termination appeal if: (1) he was a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity; and (2) he had completed 1 year of current, continuous service in the same or similar positions. IAF, Tab 2 at 2, Tab 8 at 1, Tab 10 at 1-2.

<u>Without jurisdiction, the Board cannot consider the appellant's allegations that the agency violated its own policies.</u>

¶18    The appellant alleges that the agency violated its own internal policies as they relate to both his probation and his removal. PFR File, Tab 1 at 7-11, 13-14. Because the Board lacks jurisdiction over his appeal, we are unable to render a decision on these claims.

¶19    The Board must first resolve the threshold issue of jurisdiction before proceeding to the merits of an appeal. *Schmittling v. Department of Army*, 219 F.3d 1332, 1337 (Fed. Cir. 2000); *see Perry v. U.S. Postal Service*, 46 M.S.P.R. 456, 460-61 (1990), *aff'd*, 937 F.2d 623 (Fed. Cir. 1991) (Table) (declining to consider an allegation that the U.S. Postal Service violated provisions of its Employee Labor Relations Manual because the appellant had not established Board jurisdiction). The appellant relies on our precedent in *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400 (2012), for his contention that internal agency policies are enforceable by the Board. PFR File, Tab 1 at 8-9, 13. However, *Latham* was a restoration appeal in which the Board found agency regulations enforceable under the jurisdiction prescribed by 5 C.F.R. § 353.304(c), which is not applicable in this case. *Latham*, 117 M.S.P.R. 400, ¶¶ 10, 16. As detailed above, the appellant failed to establish jurisdiction over his

termination appeal. Therefore, we are unable to render a decision as to the appellant's allegations that the agency violated its own policies, including the argument that he completed the agency's designated probationary period and was denied due process.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.