# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHAEL O. MAHLER,
           Appellant,

        v.

DEPARTMENT OF DEFENSE,
           Agency.

DOCKET NUMBER
DC-3443-15-1192-I-1

DATE: December 28, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael O. Mahler, Baltimore, Maryland, pro se.

Stephanie Sneed, Esquire, Bethesda, Maryland, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal concerning his alleged nonselection for a position and a negative suitability determination. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was an employee of Magnificus Corporation assigned to work at the agency's Walter Reed National Military Medical Center as a contract nurse practitioner. Initial Appeal File (IAF), Tab 2 at 2-3, 10, Tab 6 at 2. In March 2015, Magnificus Corporation terminated his employment for alleged performance reasons. IAF, Tab 2 at 3, 10-11, Tab 6 at 2. The appellant filed a formal equal employment opportunity (EEO) complaint with the agency, raising claims of a hostile work environment and discrimination based on race, color, national origin, sex, religion, age, and reprisal for prior EEO activity. IAF, Tab 2 at 23. In a final agency decision (FAD) dated September 15, 2015, the agency dismissed his EEO complaint for failure to state a claim. *Id.* at 23-27. The FAD stated that his "complaint constitutes a mixed case complaint, in that the claim(s) raised involve actions that are appealable to the Merit Systems Protection Board," *id.* at 23, and informed him how to file an appeal with the Board, *id.* at 25-27. The appellant subsequently filed the instant appeal attempting to challenge, among other things, his termination, a negative suitability determination, a hostile

working environment, and "totally false accusations [and] statements." IAF, Tab 1, Tab 2 at 9-11.

¶3    The administrative judge informed the appellant that the Board may lack the authority to consider his appeal because of his status as a contractor rather than a Federal employee and because he did not appear to have been subjected to a negative suitability determination as defined by the applicable regulations in 5 C.F.R. part 731. IAF, Tab 4. The administrative judge ordered him to file evidence and argument constituting at least a nonfrivolous allegation of facts that, if proven, could establish the Board's jurisdiction over his appeal. *Id*. at 3-4. The appellant did not file a timely response, but the agency filed a motion to dismiss for lack of jurisdiction. IAF, Tab 5. The agency asserted that the appellant cannot appeal his termination to the Board because he was a contractor rather than a Federal employee and that the suitability regulations are inapplicable because the appellant was neither an applicant for nor appointee to a Federal position. *Id*. at 5-6. The appellant responded that he had been a contractor since March 2011, "Labor Laws/FMLA[2] Laws were violated," he had been retaliated against and subjected to a hostile work environment, and he "suffered a negative suitability determination[] because there was no due process of claims levied against [him]" and he did not obtain other employment after the agency told prospective employers that he was "ineligible for rehire." IAF, Tab 6.

¶4    In an initial decision issued without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 7, Initial Decision (ID). The administrative judge found that the unrefuted record demonstrated that the appellant was a contractor who did not qualify as an "employee" within the meaning of 5 U.S.C. § 7511(a) and thus he could not appeal his termination as an adverse action under 5 U.S.C. chapter 75. ID at 3.

---

[2] FMLA is an abbreviation for the Family and Medical Leave Act of 1993.

The administrative judge further found that the appellant failed to make a nonfrivolous allegation that he had been subjected to a negative suitability determination that could give rise to Board jurisdiction pursuant to 5 C.F.R. part 731.  ID at 3-4.

¶5     The appellant has filed a petition for review, which the agency has opposed. Petition for Review (PFR) File, Tabs 1, 3.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶6     On review, the appellant states that he has been "summarily dismissed without due process."  PFR File, Tab 1 at 3.  To the extent the appellant is arguing that the administrative judge erred by failing to hold a jurisdictional hearing, we discern no error by the administrative judge.  An individual is only entitled to a jurisdictional hearing when he makes a nonfrivolous allegation of jurisdiction.  *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc); *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643 (Fed. Cir. 1985).  A "nonfrivolous allegation" of jurisdiction is a claim of facts that, if proven, could establish that the Board has jurisdiction over the appeal.  *See Staats v. U.S. Postal Service*, 99 F.3d 1120, 1125 (Fed. Cir. 1996); 5 C.F.R. § 1201.4(s).  Mere pro forma allegations are insufficient to satisfy the nonfrivolous standard.  *Lara v. Department of Homeland Security*, 101 M.S.P.R. 190, ¶ 7 (2006).  For the following reasons, we agree with the administrative judge that the appellant failed to raise a nonfrivolous allegation of jurisdiction.

¶7     The Board generally does not have jurisdiction over appeals by employees of private contractors with the Federal Government.  For example, 5 U.S.C. chapter 75, the statute governing most personnel actions appealable to the Board, limits appeal rights to an "employee," which is defined to cover only certain individuals in the competitive service or the excepted service.  5 U.S.C. §§ 7511(a)(1), 7513(d).  An employee of a contractor is not in the competitive service or the excepted service.  *See Thompson v. Merit Systems Protection*

*Board*, 421 F.3d 1336, 1338 (Fed. Cir. 2005).  On review, the appellant does not challenge the administrative judge's determinations that he was not an "employee" within the meaning of 5 U.S.C. § 7511(a) entitled to appeal an adverse action under 5 U.S.C. chapter 75 and that he failed to make a nonfrivolous allegation of jurisdiction pursuant to the "suitability" regulations at 5 C.F.R. part 731.  We find no basis to disturb the administrative judge's determinations, and we conclude that the administrative judge properly dismissed his appeal without a hearing.[3]

¶8        The appellant also asserts on review that he has been denied several positions due to slanderous statements provided by the agency or Magnificus Corporation.  PFR File, Tab 1 at 3.  The appellant has failed to show that the Board has jurisdiction to consider such claims pursuant to any law, rule, or regulation.  *See Paul v. Department of Agriculture*, 66 M.S.P.R. 643, 650 (1995) (finding that the Board lacked jurisdiction over the appellant's allegations of tortious acts including defamation, interference with his employment relations with the agency, putting him in a false light, and intentionally inflicting mental distress).  We find that the appellant's cursory assertion on review is not of sufficient weight to warrant disturbing the administrative judge's jurisdictional analysis.

¶9        The appellant further claims that he was issued a "Notification of Abeyance" and his clinical practice will be investigated because of the purportedly false and slanderous statements.  PFR File, Tab 1 at 3.  However, suspending the appellant's medical credentials is not in itself an adverse action appealable to the Board.  *See* 5 U.S.C. § 7512; *Sage v. Department of the Army*,

---

[3] To the extent that the appellant is asserting on review that the agency terminated his employment without affording him due process, such a claim does not confer upon the Board an independent jurisdictional basis to review matters outside its statutory jurisdiction.  *See Riddick v. Department of the Navy*, 41 M.S.P.R. 369, 372 (1989).

108 M.S.P.R. 398, ¶ 8 (2008); 5 C.F.R. § 752.401.  We find that these claims provide no basis for disturbing the administrative judge's jurisdictional analysis.

¶10    We note that, before filing his Board appeal, the appellant pursued an EEO complaint against the agency raising various allegations of discrimination and retaliation.  IAF, Tab 2 at 23.  The FAD informed him that his "complaint constitutes a mixed case complaint, in that the claim(s) raised involved actions that are appealable to the Merit Systems Protection Board," *id*. at 23, and informed him how to file a Board appeal, *id.* at 25-27.  As we have explained, however, the appellant's claims do not involve matters that he can appeal to the Board, and the Board is not authorized to consider his claims of discrimination and retaliation absent an otherwise appealable action.[4]  *See, e.g.*, *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867 (D.C. Cir. 1982).  The agency erroneously providing the appellant mixed-case appeal rights in the FAD cannot and does not vest the Board with jurisdiction, which is limited by statute, rule, and regulation.  *See Powell v. Department of the Army*, 9 M.S.P.R. 237, 238 (1981); *see also Sage*, 108 M.S.P.R. 398, ¶ 8 (stating that an agency cannot through its own actions confer or take away Board jurisdiction).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit

---

[4] The appellant's jurisdictional reply below also alleged that "Labor Laws/FMLA Laws were violated."  IAF, Tab 6 at 2.  These claims are not matters that the Board is authorized to consider absent an otherwise appealable action.  *See Clarry v. Department of Transportation*, 18 M.S.P.R. 147, 153 (1983) (holding that the Board lacks jurisdiction to determine whether an agency action constitutes and unfair labor practice), *aff'd*, 795 F.2d 1016 (Fed. Cir. 1986) (Table); 5 C.F.R. §§ 1201.1—1201.3 (identifying the subject matters over which the Board has jurisdiction).

717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.